## IRREGULARITY IN PROCEEDINGS FOR IMPROVEMENT OF INTER-COUNTY HIGHWAY.

Common Pleas Court of Knox County.

STATE, EX REL CHARLES D. HAYDEN, v. A. V. DONAHEY. AUDITOR, ET AL.

Decided, February 11, 1918.

*Auditor's Certificate—As to Unappropriated Funds Applicable to a Given Purpose—Requirement that Such a Certificate be Filed is Directory, and Not Mandatory, When—Road Improvements—Injunction Against, Will Not be Granted on Petition of a Tax-payer—Where There is a Moral Obligation to Pay and no Relief Would Result to Tax-payers.*

1. The passage of a resolution by a board of county commissioners, appropriating money for the improvement of an inter-county highway under "state aid law," without the auditor having first certified that the necessary funds for such improvement were then in the county treasury or in process of collection and not otherwise appropriated as directed by Section 5660, General Code, is irregular, and of itself can have no binding effect upon the county; but where such funds were in fact at the time in the treasury or in process of collection and not otherwise appropriated, and the auditor within five days did make and file such certificate, and thereafter a contract for such public improvement was duly

let, such contract will not be rendered void by reason of such irregularity.

2. In such case, this statute is directory and not mandatory as to the order in which the various steps are taken leading up to the letting of the contract—that which was done having "substantially accomplished the purpose of the statute."

3. Where there is a moral, although not a legal obligation on the part of a county to pay for a public improvement, a court of equity will not interfere by injunction at the suit of a tax-payer, where it appears that the relief sought would not benefit the tax-payers whom the relator represents.

4. Bad management on the part of the state highway commissioner under authority of Section 1209, General Code (Cass law, Section 202), in the prosecution of this improvement after taking charge, will not justify a court interfering by injunction.

*Charles D. Hayden,* for plaintiff in error.
*C. H. Duncan,* contra.

BLAIR, J.

This case was heard upon the pleadings and evidence, including an agreed statement of facts.

The relator brings this action for and on behalf of himself and other tax-payers of the county, seeking to enjoin the state and county officials named as defendants from further proceeding to improve a section of highway known as section one of the Columbus-Millersburg Inter-county Highway, No. 23, lying within this county, alleging that the contract for such improvement is illegal and void, by reason of numerous alleged irregularities in the proceedings leading up to the execution of such contract, as well as subsequent thereto.

On April 10, 1916, the commissioners of this county passed a resolution to improve this section of highway lying within this county, under what is known as "state aid law," and appropriated for such improvement the sum of $41,000, the balance of the estimated cost to be borne by the state, under the supervision of the state highway commissioner.

The evidence shows that the necessary funds for this appropriation were then in the county treasury to the credit of, or had

been levied and placed upon the duplicate, and in process of collection for state and county road improvement fund, and not otherwise appropriated. In this resolution the county commissioners agreed to assume in the first instance the county's share of such costs and expenses as is required by Section 1218, General Code (Cass law, Section 211).

On April 15, five days later, the county auditor filed a certified copy of this resolution with the state highway commissioner, and on the printed blank for that purpose following the certificate to such copy the further certificate of the auditor is added to the effect that the money required for the payment of the county's portion of said improvement was in the treasury, or in process of collection. This last mentioned certificate also bore date of April 15, 1916. A like copy of this resolution with identical certificates was placed on file in the county auditor's office of this county, the auditor being clerk of the board of county commissioners. This resolution, as to form and legality, was approved by the Attorney-General on April 19, 1916, and his approval endorsed upon the copy filed with the state highway commissioner. Thereafter the state highway commissioner entered into a contract bearing date of April 28, 1916, for the construction of this section of highway, with the Mansfield Construction Co., and this construction company gave a bond for the faithful performance of its contract. The commissioners of this county approved and signed this contract on May 15, 1916, and the Mansfield Construction Co. soon thereafter began work upon said improvement under said contract. After a large amount of money had been expended in the prosecution of this improvement, the state highway commissioner, on May 5, 1917, determined that this construction company was not carrying forward the work with reasonable progress, and thereupon, under the authority given him by Section 1209, General Code (Cass law Section 202), took charge of and proceeded with the construction of said improvement, with the purpose of completing the same in accordance with the terms of said contract, and charging the excess cost of construction, if any, to the Mansfield Construction Co., and collecting the same from said company

and its bondsmen, as is authorized by said Section 1209, General Code.

The principal irregularity relied upon by the relator is the fact that on April 10, 1916, when the county commissioners passed the resolution above mentioned, to pay the county's portion of such expenses in accordance with the requirements of Section 1218, General Code, the county auditor had not then certified that the necessary money was in the treasury to the credit of such fund, or that it had been levied and was in the process of collection, as is required by Section 5660, General Code, it being claimed by the relator that the filing of such certificate is a necessary prerequisite to the right of the commissioners to pass such resolution, and that the failure of the auditor to first so certify renders the subsequent action of the commissioners in passing this resolution void, as well as the subsequent action of the state highway commissioner and county commissioners in the letting and execution of this contract.

Section 5660, General Code, reads as follows:

"The commissioners of a county, the trustees of a township and the board of education of a school district, shall not enter into any contract, agreement or obligation involving the expenditure of money, or pass any resolution or order for the appropriation or expenditure of money, unless the auditor or clerk thereof, respectively, first certifies that the money required for the payment of such obligation or appropriation is in the treasury to the credit of the fund from which it is to be drawn, or has been levied and placed on the duplicate, and in process of collection and not appropriated for any other purpose; money to be derived from lawfully authorized bonds sold and in process of delivery shall, for the purpose of this section, be deemed in the treasury and in the appropriate fund. Such certificate shall be filed and forthwith recorded, and the sums so certified shall not thereafter be considered unappropriated until the county, township or board of education, is fully discharged from the contract, agreement or obligation, or as long as the order or resolution is in force."

In support of relator's contention a number of cases are cited where in not only our lower courts, but our Supreme Court as

well, have held that county commissioners and other public
officers mentioned in this section may not enter into binding
contracts, unless the auditor or clerk has first certified as to the
requisite funds, and that this section is mandatory and not
directory; that the officers named are without authority to bind
the county, township or board, as the case may be, in the ab-
sence of such certificate having been made. Most of these de-
cisions, however, arose in cases wherein it was sought to recover
on such contract, and not in cases where such improvement was
sought to be enjoined by a tax-payer. Our Supreme Court, in
the case of *Emmert* v. *Elyria,* 74 Ohio St., 185, in its applica-
tion of this law, recognizes a distinction between cases wherein
payment is sought to be enforced and a suit by a tax-payer to
enjoin such improvement. This last cited case was a suit by a
taxpayer against the city of Elyria to enjoin the city from
paying for a paving improvement. After a review of the cases
recognizing the necessity of the certificate of the auditor to
enable the city to make a binding contract, the court in its opin-
ion, on page 194, makes the following comment:

"But because a municipality is not legally liable to pay for
a public improvement, it does not follow that it is not under a
moral obligation to do so, or that a court, because it will not
enforce payment, will enjoin it."

If the state highway commissioner in the present case be per-
mitted to pursue his present course in the prosecution of this
work, it is clear that this improvement will cost Knox county
only the $41,000, most of which has already been expended in
the prosecution of this work, while if the temporary injunction
heretofore granted be allowed to stand, the amount already ex-
pended would be almost if not altogether a total loss, unless
this improvement be completed by the letting of another con-
tract; and in the fact of the present high prices of both material
and labor, this could not now be done except at a greatly ad-
vanced cost. In other words, to make this injunction perpetual
would be to impose upon the tax-payers of this county an ad-
ditional burden, instead of giving them relief, while the Mans-

field Construction Co. and its surety, the bonding company, are the only ones who could or would profit by such injunction.

While on equitable grounds I do not think this injunction should be permitted to stand, I do not base my finding upon this ground alone, for in my judgment the contract entered into for this improvement can be upheld upon legal grounds. In many, if not all, the reported cases where in this law requiring such auditor's certificate has been upheld, such certificate had never been filed, either before or after the letting of the contract, while in the present case it must be remembered that the certificate of the auditor had been made and filed both in the commissioners' office and with the state highway commissioner prior to the letting and signing of the contract by the highway commissioner and county commissioners.

The real object and purpose of Section 5660 is to prevent commissioners and other officials entering into binding obligations for the expenditure of public funds until such funds are either in the treasury or have been levied and in process of collection for that purpose. These funds had not only been provided, but the auditor's certificate had actually been made before either the state or county assumed any obligation under the contract in question. The purpose of the resolution of the commissioners of April 10, 1916, was to comply with the requirements of Section 1218, General Code (Cass law, Section 211) which requires the commissioners to make a written agreement to assume in the first instance that part of the costs and expenses over and above the amount to be paid by the state. The Attorney-General evidently thought it immaterial whether the certificate of the auditor bore an earlier or a later date than that of April 10, for he approved this resolution as to form and legality, as required by Section 1218, with the auditor's certificate before him bearing date five days later than the date of the resolution. If it be conceded that this resolution was not binding upon the commissioners because the auditor's certificate had not been made at the time of its adoption, in my judgment the action of the commissioners thirty-five days later, in approving and signing the contract for such improvement, amounts to a ratification of

such resolution, this being thirty days after such certificate of the auditor had been made and filed. This resolution could have no force and effect as an agreement until it had been filed with the state highway commissioner and approved by the Attorney-General, in accordance with the provisions of Section 1218.

The resolution, the certificate of the auditor and the approval of the Attorney-General, all filed in the office of the state highway commissioner, go to make up the agreement, and until all this had been done such resolution did not amount to an agreement. The last thing then done to transform this resolution into an agreement was the approval of the Attorney-General, which occurred three days after the certificate of the auditor had in fact been made and filed.

While Section 5660 no doubt is mandatory in requiring the certificate of the auditor as to the necessary funds in order to give the commissioners authority to make a binding contract, yet I can not bring myself to believe that the order in which the commissioners take the various steps leading up to the letting of the contract is of such vital importance as to render such contract void, where in fact all the necessary steps have been taken by them prior to the actual letting of the contract. In the various cases cited and relied upon by relator, the certificate of the auditor or clerk as to the necessary funds had never been filed, showing a disposition on the part of such boards to completely ignore the requirements of this section of the statute, while in the present case the evidence would indicate that the commissioners had every purpose to comply with the requirements of this section fully, and there is no irregularity other than the order in which these various steps were taken.

It is well settled that a statute prescribing duties of public officials will be held to be directory and not mandatory in "cases where that which has been done substantially accomplishes the purpose of the statute." The purpose of this statute has been as effectually accomplished as it would have been had the certificate of the auditor borne a date earlier instead of later than that of the resolution of the county commissioners above referred to.

I find no justification for the claim that the commissioners are seeking to relieve the abutting property owners and townships from bearing their proper portion of the expense of this improvement. It is in evidence that this apportionment is contemplated as soon as it can lawfully be made.

Irregularities on the part of the highway commissioner, occurring since the execution of this contract, are urged as a reason for granting the relief sought, but I find no such irregularities as would justify a court in stopping this improvement.

An entry will be placed upon the journal of this court dissolving the temporary injunction heretofore granted, and dismissing the petition, and assessing the costs against the relator.

A motion for a new trial, if made, may be overruled, and exceptions noted.